04 cv 3457

**BMS**

**PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

83

## United States District Court

District

Eastern District of Pennsylvania

| Name of Movant | Prisoner's No. | Docket No. |
|---|---|---|
| Derrick Williams | 48426-066 | 94-462 CR |

Place of Confinement

U.S.P. Leavenworth, P.O. Box 1000, Leavenworth, KS, 66048

UNITED STATES OF AMERICA          V

(Include name upon which convicted)

Derrick Williams AKA Derrick Everett

(Full name of movant)

RECEIVED
JUL 19 2004

## MOTION

1. Name and location of court which entered the judgment of conviction under attack United States District Court for the Court Eastern Pennsylvania

2. Date of judgement of conviction _____ Dec. 6, 1996

3. Length of sentence _____ 22 1/2

4. Nature of offense involved (all counts) 21 U.S.C. § 841, 18 U.S.C. § 922 (g) and 18 U.S.C. § 924(c)

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) Guilty ☒
   - (c) Nolo contendere ☐

**FILED**

JUL 21 2004

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

6. Kind of trial: (Check one)
   - (a) Jury ☐
   - (b) Judge only ☒

7. Did you testify at trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

9.     If you did appeal, answer the following:

(a)   Name of court _Third Circuit Court of Appeal_

(b)   Result _Andre Brief was granted filed by attorney and the petitioner Conviction was approved_

(c)   Date of Result _June 11, 1998_

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgement in any federal court?
      Yes ☒        No ☐

11.   If your answer to 10 was "yes," give the following information:

(a)   (1) Name of court _United States District Court for Eastern District of Pennsylvania_
      (2) Nature of proceedings ___§ 2255___

      (3) Grounds raised _Ineffective assistance of counsel, Selective prosecution, sixth and fifth amendment violation as to the petitioners pleas, constitutionality of Guidelines and Commerce (jurisdiction of court)_

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐        No ☒

      (5) Result _Court rejected non apprende claims as time barred, and rejected merits apprendi claims on its merits_
      (6) Date of result _Sept 19, 2003_

(b)   As to any second petition, application or motion, give the same information:

      (1) Name of Court _Third Circuit Court of Appeals_
      (2) Nature of proceeding _Certificate of Appealability_

      (3) Grounds raised _Denial of petitioners § 2255 motion as time barred, and error on the part of the District Court in miscalculating the date that petitioner filed his § 2255 which was timely._

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
      Yes ☐        No ☒

(5) Result _Denied for failure to make a substantial showing by a defendant by the district court_

(6) Date of Result _Nov. 9, 2001_

(c)  As to any third petition, application or motion, give the same information:

(1) Name of Court _United States Supreme Court_

(2) Nature of proceeding _Writ of Certiuri_

(3) Grounds raised _Same as previous motions_ .

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐      No ☒

(5) Result _Denied April 19, 2002 reh den June 24, 2002_

(6) Date of Result _____ Same

(d)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.     Yes ☒     No ☐
(2) Second petition, etc.    Yes ☒     No ☐
(3) Third petition, etc.     Yes ☒     No ☐

(e)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12.   State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this matter, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for relief. You may raise any ground which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

Ground one

the court to allow him to withdraw his guilty plea. The court refused. Stating that even though the petitioner could not be convicted and sentenced for "use". He could be convicted and sentence for "carry". Under the Recent Supreme Court decision in Blakely. The court stated "the petitioner entered a guilty plea admitting the elements of second degree kidnapping and domestic violence, and firearm allegations, but no other relevant facts. This made clear that Blakely that could only be sentence to what he admitted to in the guilty plea, and nothing else. Unless that something else was determined by a jury. The court cannot remedy a situation where a defendant pleas to conduct that constituted what he and the court believed to be elements in a offense. Then once those elements are redefined no longer putting the plea of the defendants. Then turn around and say that he is still subjected to be sentenced and convicted for a different element. The defendant does not receive any procedural safeguards behind such a remedy, and such determination must be decided by a jury. Even though 924(c) acts as a statute, in the 924 penalty section. It is still governed by the rules that require sixth amendment protections before its punishment of 5 years to any other offense ran consecutively, can be imposed.

Ground Two

decision in Blakely. It had held in part II, "an ac-
cusation within lacks any particular fact which the law
makes essential to the punishment is... no accusation
within the requirements of the common law, and it is no
accusation in reason." 1 J Bishop criminal procedure §81,
p. 55 (2d ed. 1872) These principals have been acknowledged
by the courts and treatises since the earliest days of grad-
uated sentencing, we compiled the relevant authorities
in Apprendi, see 530 U.S. at 476-483, 489, 490 n. 15, id.,
at 501-518 (Thomas J., concurring) and need not re-
peat them here." The statements makes clear that
unlike the argument put forth by Almendarez-Torres
and the standard of proof that might apply to
sentencing determinations that bear significantly on
the severity of the sentence. An issue that was not
before the court in that case. The petitioner states
that his sentence was enhanced beyond the maximum
range to which he could receive under the guidelines
pursuant to 4B1.1. Facts that the petitioner did not
plead to and were not found by a jury in order
for the petitioner to receive a increase beyond maximum
punish allowed. The Supreme court in Apprendi. State
"Both the certainty that procedural safeguards attach
to any "fact" of prior convictions and the reality that
Almendarez-Torres did not challenge the accuracy
of that fact in his case, mitigated the due pro-
cess and sixth amendment concerns otherwise im-
plicated in allowing a judge to determine a fact
increasing punishment beyond the maximum of
the statutory range." Also unlike Almendarez-Torres
The petitioner was enhanced under a guideline scheme
like the one in Blakely, 4B1.1 is connected to the

statute. The petitioner indictment stated that the petitioner was in violation of 21. U.S.C. §841 in three different incidents. Yet the indictment only stated the charged conduct and not the penalty. Thus the petitioner could only receive an offense level of 30 as opposed to 34. Also unlike the statute in Almendarez-Torres once 4B1.1 is applied to a defendant. The defendant is then solely sentence for career offender and not the underlying conviction for what the defendant pled guilty to or found guilty of. The petitioner receive 7 years over his sentence under the 922 (g) A prima facie show is simply a sufficient showing of possible merit to warrant a fuller exploration by the district court. The petitioner preserved this argument in earlier petitions and he would receive a miscarriage of justice if not applied

Ground Three

is a conflict of interest. This caused the previous attorney to fail to make challenges to the petitioners jurisdiction. Because the petitioners case was adopted by U.S attorney's office by way of a program called F.A.S.T from the state. See U.S. V Berry 164 F.3d 844. In that case. It stated that the main reason that the movant is sitting in federal court under federal prosecution. Is because the petitioner prior criminal record could be used under career offender under U.S. Sentencing Guidelines 3VB1.1 and the other factor was drug amount. The petitioner during the three separate incidents stated by his indictment. Only possess a combined total of 12. plus grames. The previous attorney never challenge this before the court to see if infact the petitioner met the amount criteria, and if he did. Then the second criteria was element of his offense that should have been taken to a jury and proved beyond a reasonable doubt. Since the petitioner is sitting in prison for a sentence under career offender and not the underlying offense. See In Re Williams 3rd Cir No. 02-2540. This shows that the movants priors were not just some mere enhancements, but an element of his offense under a sentencing scheme that is unconstitutional. see Blakely.

(a)     Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary or with understanding of the nature of the charge and the consequences of the plea.

(b)     Convictions obtained by use of coerced confession.
(c)     Convictions obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)     Convictions obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)     Convictions obtained by a violation of the protection against self-incrimination.
(f)     Convictions obtained by the unconstitutional failure of the prosecution to disclose  to the defendant  evidence favorable to the defendant.

(g)     Convictions obtained by the violation of the protection against double jeopardy.
(h)     Convictions obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i)     Denial of effective assistance of counsel.
(j)     Denial of right of appeal.

A. Ground one: 924 (c) conviction was imposed in violation of the movant and 5 amendment right

Supporting FACTS (tell your story briefly without citing cases or law): The District Court accepted a guilty plea from the petitioner. In which the petitioner admitted to the standard of use defined by the courts and Prosecutor at the time. The petitioner after the Supreme Court ruling in Bailey v US

B. Ground two: Petitioner received enhancements of his sentence in violation of his 6th amendment

Supporting FACTS (tell your story briefly without citing cases or law): The petitioner has stated numerous times in every pro-se petition filed to this court. That the maximum sentence that he could receive for the actual guilty plea was 120 to 150 months in offense level 08. In the recent Supreme Court

C. Ground three: The petitioners Counsels appointed by the Courts were ineffective.

Supporting FACTS (tell your story briefly without citing cases or law): The petitioner stated to the court that he was denied of right of appeal because his attorney filed an anders brief. Stating that the petitioner had no merit during issue. And his previous counsel had sexual relations with the petitioners wife which was and

D. Ground four: _____

_____

_____

_____

_____

Supporting FACTS (tell your short briefly without citing cases or law): _____

_____

_____

_____

_____

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what
     grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

14.  Do you have any petition or appeal now pending in any court as to the judgement under attack?
     Yes ☒      No ☐

15.  Give the name and address, if known, of each attorney who represented you in the following stages
     of the judgement attacked herein:

     (a) At preliminary hearing _____ Quenten Brooks _____

     (b) At arraignment and plea _____ Same _____

     (c) At trial _____ Same _____

     (d) At sentencing _____ Christopher Warren _____

     (e) On appeal _____ Same _____

(f) In any post-conviction proceeding _____ *Pro - Per* _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ *Pro - Se* _____

.6.   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time?

Yes ☒   No ☐

7.   Do you have any future sentences to serve after you complete the sentence imposed by the judgement under attack?

Yes ☒   No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future: _____ *Pennsylvania Commonwealth Parole Violation* _____ *24 months* _____

(b) Give date and length of the above sentence: _____ *24 months* _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgement which imposed the sentence to be served in the future?

Yes ☒   No ☐

herefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____ *Derrick Williams* _____
Signature of Attorney (if any)

leclare under penalty of perjury that the foregoing is true and correct.   Executed on:

_____ *3/14/04* _____
(date)

_____ *Derryl Williams* _____
Signature of Movant

BMS

04cv3457

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Eastern District of Pennsylvania |
|---|---|

| Name of Movant Derrick Williams | Prisoner's No. 48426~046 | Docket No. |
|---|---|---|

| Place of Confinement U.S.P Leavenworth, P.O. Box 1000, Leavenworth, KS, 66048 |
|---|

| UNITED STATES OF AMERICA        V | (Include name upon which convicted) Derrick Williams AKA Derrick Everett |
|---|---|
| | (Full name of movant) |

### MOTION

1. Name and location of court which entered the judgment of conviction under attack __United States District Court for The Court Eastern Pennsylvania__

2. Date of judgement of conviction __Dec. 6, 1996__

3. Length of sentence __22½__

4. Nature of offense involved (all counts) __21. U.S.C. § 841, 18 U.S.C. § 922 (g) and 18 U.S.C. § 924(c)__

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) Guilty ☒
   - (c) Nolo contendere ☐

6. Kind of trial: (Check one)
   - (a) Jury ☐
   - (b) Judge only ☒

7. Did you testify at trial?
   Yes ☒    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

9.    If you did appeal, answer the following:

    (a)    Name of court  _Third Circuit Court of Appeal_

    (b)    Result  _Andro Brief was Granted filed by attorney and the petitioner_
            _Conviction was affirmed_

    (c)    Date of Result  _June 11, 1998_

10.    Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgement in any federal court?

        Yes ☒        No ☐

11.    If your answer to 10 was "yes," give the following information:

    (a)    (1) Name of court  _United States District Court for Eastern District of Pennsylvania_

        (2) Nature of proceedings  _§ 2255_

        (3) Grounds raised  _Ineffective assistance of Counsel, Selective prosecution, Sixth and fifth amendment violation as to the petitioners prior, constitutionality of Guidelines and Commerce (jurisdiction of court)_

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

        Yes ☐        No ☒

        (5) Result  _Court rejected non Apprendi claims as time barred, and rejected movant Apprendi claims on its merits_

        (6) Date of result  _Sept 19, 2000_

    (b)    As to any second petition, application or motion, give the same information:

        (1) Name of Court  _Third Circuit Court of Appeals_

        (2) Nature of proceeding  _Certificate of Appealability_

        (3) Grounds raised  _Denial of petitioner §2255 motion as time barred, and error on the part of the District Court in miscalculating the date that petitioner filed his §2255 which was timely._

        (4) Did you receive an evidentiary hearing on your petition, application or motion?

        Yes ☐        No ☒

(5) Result *Denied for failure to make a substantial showing*
to *overturn the the District court*
(6) Date of Result *Nov. 9, 2001*

(c)  As to any third petition, application or motion, give the same information:
    (1) Name of Court *United States Supreme Court*
    (2) Nature of proceeding *Writ of Certiorari*

    (3) Grounds raised *Same as previous motions .*




    (4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐     No ☒
    (5) Result *Denied April 19, 2002 reh. den June 24, 2002*
    (6) Date of Result       *same*

(d)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒    No ☐
    (2) Second petition, etc.    Yes ☒    No ☐
    (3) Third petition, etc.    Yes ☒    No ☐

(e)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:




12.    State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION: If you fail to set forth all grounds in this matter, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for relief. You may raise any ground which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

Ground one

The court to allow him to withdraw his guilty plea.
The court refused. Stating that even though the
petitioner could not be convicted and sentenced for
"use". He could be convicted and sentence for "carry".
Under the recent Supreme Court decision in Blakely.
The court stated " the petitioner entered a guilty plea
admitting the elements of second degree kidnapping
and domestic violence, and firearm allegations but
no other relevant facts. This made clear that Blakely
that could only be sentence to what he admitted (
to in the guilty plea, and nothing else. Unless that
something else was determined by a jury. The court
cannot remedy a situation where a defendant pleas
to conduct that constituted what he and the court
believed to be elements, in a offense. Then once those
elements are redefined no longer putting the plea of
the defendant. Then turn around and says that
he is still subjected to be sentenced and convicted
for a different element. The defendant does not re-
ceive any procedural safeguards behind such a
remedy, and such determination must be decided
by a jury. Even though 924(c) acts as a statute
in the 924 penalty section. It is still governed by
the rules that require sixth amendment protections
before its punishment of 5 years to any other offense
ran consecutively, can be imposed.

Ground Two

decision in Blakely. It had held in part II. "an ac-
cusation within lacks any particular fact which the law
makes essential to the punishment is... no accusation
within the requirements of the common law, and it is no
accusation in reason." 1 J Bishop criminal procedure § 87,
p. 55 (2d ed. 1872) These principals have been acknowledge
by the courts and treatises since the earliest days of grad-
uated sentencing, we compiled the relevant authorities
in Apprendi, see 530 u.s. at 476 - 483, 489, 490 n. 15, id.
at 501 - 518 ( Thomas J., concurring) and need not re-
peat them here. The statement makes clear that
unlike the argument put forth by Almendarez - Torres
and the standard of proof that might apply to
sentencing determinations that bear significantly on
the severity of the sentence. An issue that was not
before the Court in that case. The petitioner states
that his sentence was enhanced beyond the maximum
range to which he could receive under the guidelines
pursuant to 4B1.1. Facts that the petitioner did not
plead to and were not found by a jury in order
for the petitioner to receive a increase beyond maximum
punish allowed. The Supreme court in Apprendi. Sta
"Both the certainty that procedural safeguards attach
to any "fact" of prior convictions and the reality that
Almendarez - Torres did not challenge the accuracy
of that fact in his case, mitigated the due pro-
cess and sixth amendment concerns otherwise im-
plicated in allowing a judge to determine a "fact
increasing punishment beyond the maximum of
the statutory range." Also unlike Almendarez - Torres
The petitioner was enhanced under a guideline schem

statute. The petitioner indictment stated that the petition-
er was in violation of 21.U.S.C. §841 in three different
incidents. yet the indictment only stated the charged
conduct and not the penalty. Thus the petitioner
could only receive an offense level of 30 as apposed
to 34. Also unlike the statute in Almendarez Torres
Once 4B1.1 is applied to a defendant. The defendant
is then solely sentence for career offender and not
the underlying conviction for what the defendant
pled guilty to or found guilty of. The petitioner
receive 7 years over his sentence under the 922 (g)
A prima facie showing is simply a sufficient showing
of possible merit to warrant a fuller exploration by
the district court. The petitioner preserved these argument
in earlier petitions, and he would receive a miscarriage
of Justice if not applied.

Ground three

is a conflict of interest. This caused the previous attorney to fail to make challenges to the petitioners jurisdiction. Because the petitioners case was adopted by U.S. attorney's office by way of a program called F.A.S.T from the state. See U.S. v. Berry, 164 F.3d 844. In that case. It stated that the main reason that the movant is sitting in federal court under federal prosecution. Is because the petitioner prior criminal record could be used under career offender under U.S. Sentencing Guidelines §4 B1.1, and the other factor was drug amount. The petitioner during the three separate incidents stated by his indictment. Only possess a combined total of 12 plus grams. The previous attorney never challenge this before the court to see if infact the petitioner met the amount criteria, and if he did. Then the second criteria was element of his offense that should have been taken to a jury and proved beyond a reasonable doubt. Since the petitioner is sitting in prison for a sentence under career offender and not the underlying offense. See In Re Williams 3rd Cir No. 02-2540. This shows that the movants priors were not just some mere enhancements, but an element of his offense under a sentencing scheme that is unconstitutional, see Blakely.

(a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary or with understanding of the nature of the charge and the consequences of the plea.

(b)    Convictions obtained by use of coerced confession.
(c)    Convictions obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)    Convictions obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)    Convictions obtained by a violation of the protection against self-incrimination.
(f)    Convictions obtained by the unconstitutional failure of the prosecution to disclose  to the defendant  evidence favorable to the defendant.

(g)    Convictions obtained by the violation of the protection against double jeopardy.
(h)    Convictions obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i)    Denial of effective assistance of counsel.
(j)    Denial of right of appeal.

A. Ground one: 924 (c) conviction was imposed in violation of the movant 6 and 5 amendment right.

Supporting FACTS (tell your story briefly without citing cases or law): The District Court accepted a guilty plea from the petitioner. In which the petitioner admitted to the standard of "use" defined by the courts and prosecutor at the time. The petitioner after the Supreme Court ruling in Bailey. Csk

B. Ground two: Petitioner received enhancements of his sentence in violation of his 6th amendment.

Supporting FACTS (tell your story briefly without citing cases or law): The petitioner has stated numerous times in every pro-se petition filed to this court. That, the maximum sentence that he could receive for the actual guilty plea was 120 to a 150 months in offense level 88. In the recent Supreme Court

C. Ground three: The petitioners counsels appointed by the Courts were ineffective.

Supporting FACTS (tell your story briefly without citing cases or law): The petitioner stated to the court that he was denied of right of appeal because his attorney filed an anders brief. Stating that the petitioner had no merit arous issues and his previous counsel had sexual relations with the petitioners wife which was and

D. Ground four: _____

_____

_____

_____

_____

Supporting FACTS (tell your short briefly without citing cases or law): _____

_____

_____

_____

_____

_____

13.   If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14.   Do you have any petition or appeal now pending in any court as to the judgement under attack?
      Yes ☒      No ☐

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgement attacked herein:

      (a) At preliminary hearing___ Quentin Brooks _____

      (b) At arraignment and plea ____ Same _____

      (c) At trial _____ Same _____

      (d) At sentencing ___ Christopher Warren _____

      (e) On appeal _____ Same _____

(f) In any post-conviction proceeding ____Pro - Per____

(g) On appeal from any adverse ruling in a post-conviction proceeding ____Pro - Se____

6. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time?

Yes ☒   No ☐

7. Do you have any future sentences to serve after you complete the sentence imposed by the judgement under attack?

Yes ☒   No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future:
____Pennsylvania  Commonwealth  parole violation____
____24 months____

(b) Give date and length of the above sentence: ____24 months____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgement which imposed the sentence to be served in the future?

Yes ☒   No ☐

herefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

____Derrick Williams____
Signature of Attorney (if any)

leclare under penalty of perjury that the foregoing is true and correct.  Executed on:

____3/14/04____
(date)

____Derrick Williams____
Signature of Movant

04 c√ 3457

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Eastern District of Pennsylvania |
|---|---|
| Name of Movant Derrick Williams | Prisoner's No. 48426~066 | Docket No. |
| Place of Confinement U.S.P Leavenworth, P.O. Box 1000, Leavenworth, KS, 66048 | |

| UNITED STATES OF AMERICA        V | (Include name upon which convicted) Derrick Williams AKA Derrick Everett (Full name of movant) |
|---|---|

## MOTION

1. Name and location of court which entered the judgment of conviction under attack _United States District Court for the Court Eastern Pennsylvania_

2. Date of judgement of conviction _Dec. 6, 1996_

3. Length of sentence _22½_

4. Nature of offense involved (all counts) _21. U.S.C. §841, 18 U.S.C. § 922 (g) and 18 U.S.C. §924(c)_

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) Guilty ☒
   - (c) Nolo contendere ☐

6. Kind of trial: (Check one)
   - (a) Jury ☐
   - (b) Judge only ☒

7. Did you testify at trial?
   Yes ☒    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒    No ☐

Page # 2 of 7

9.   If you did appeal, answer the following:

   (a)   Name of court _Third Circuit Court of Appeal_

   (b)   Result _Andrus Brief was granted filed by attorney and the petitioner_
                    _Conviction was affirmed_

   (c)   Date of Result _June 11, 1998_

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgement in any federal court?
      Yes ☒     No ☐

11.   If your answer to 10 was "yes," give the following information:

   (a)   (1) Name of court _United States District Court for Eastern District of_
           _Pennsylvania_
       (2) Nature of proceedings _§ 2255_

       (3) Grounds raised _Ineffective assistance of Counsel, Selective prosecution, sixth and fifth amendment violation as to the petitioners priors, constitutionality of Guidelines and Commerce (jurisdiction of court)_

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐     No ☒

       (5) Result _Court rejected non Apprendi claims as time barred, and rejected movants Apprendi claim on its merits_

       (6) Date of result _Sept 19, 2000_

   (b)   As to any second petition, application or motion, give the same information:

       (1) Name of Court _Third Circuit Court of Appeals_

       (2) Nature of proceeding _Certificate of Appealability_

       (3) Grounds raised _Denial of petitioner § 2255 motion as time barred, and error on the part of the District Court in miscalculating the date that petitioner filed his § 2255 which was timely._

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
       Yes ☐     No ☒

(5) Result *Denied for failure to make a substantial showing*
*as ordered by the District Court*
(6) Date of Result *Nov. 4, 2001*

(c)  As to any third petition, application or motion, give the same information:
  (1) Name of Court *United States Supreme Court*
  (2) Nature of proceeding *Writ of Certiorari*

  (3) Grounds raised *Same as previous motions*

  (4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐        No ☒
  (5) Result *Denied April 19, 2002 reh. den. June 24, 2002*
  (6) Date of Result _____ *Same*

(d)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
  (1) First petition, etc.        Yes ☒        No ☐
  (2) Second petition, etc.        Yes ☒        No ☐
  (3) Third petition, etc.        Yes ☒        No ☐

(e)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12.    State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

  CAUTION: If you fail to set forth all grounds in this matter, you may be barred from presenting additional grounds at a later date.

  For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for relief. You may raise any ground which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

  Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

Ground one

The court to allow him to withdraw his guilty plea. The court refused. Stating that even though the petitioner could not be convicted and sentenced for "use." He could be convicted and sentence for "carry." Under the recent Supreme Court decision in Blakely. The court stated "the petitioner entered a guilty plea admitting the elements of second degree kidnapping and domestic violence, and firearm allegations but no other relevant facts. This made clear that Blakely that he could only be sentence to what he admitted to in the guilty plea, and nothing else. Unless that something else was determined by a jury. The court cannot remedy a situation where a defendant pleas to conduct that constituted what he and the court believed to be elements in a offense. Then once those elements are redefined no longer fitting the plea of the defendant. Then turn around and say that he is still subjected to be sentenced and convicted for a different element. The defendant does not receive any procedural safeguards behind such a remedy, and such determination must be decided by a jury. Even though 924(c) acts as a statute in the 924 penalty section. It is still governed by the rules that require sixth amendment protection before its punishment of 5 years to any other offense ran consecutively, can be imposed.

Ground Two

decision in Blakely. It had held in part II, "An accusation which lacks any particular fact which the law makes essential to the punishment is... no accusation within the requirements of the common law, and, it is no accusation in reason," 1 J Bishop criminal procedure § 87, p. 55 (2d ed. 1872) These principals have been acknowledged by the courts and treatises since the earliest days of graduated sentencing, we compiled the relevant authorities in Apprendi, see 530 u.s. at 476-483, 489, 490 n. 15, id. at 501-518 (Thomas J., concurring) and need not repeat them here." The statement, makes clear that unlike the argument put forth by Almendarez-Torres, and the standard of proof that might apply to sentencing determinations that bear significantly on the severity of the sentence. An issue that was not before the Court in that case. The petitioner states that his sentence was enhanced beyond the maximum range to which he could receive under the guidelines pursuant to 4B1.1. Facts that the petitioner did not plead to and were not found by a jury in order for the petitioner to receive a increase beyond maximum punish allowed. The Supreme court in Apprendi. Sta "Both the certainty that procedural safeguards attach to any "fact" of prior convictions and the reality that Almendarez-Torres did not challenge the accuracy of that fact in his case, mitigated the due process and sixth amendment concerns otherwise implicated in allowing a judge to determine a "fact" increasing punishment beyond the maximum of the statutory range." Also unlike Almendarez-Torres the petitioner was enhanced under a guideline schem

statute. The petitioner indictment stated that the petitioner was in violation of 21.U.S.C. §841 in three different incidents. Yet the indictment only stated the charged conduct and not the penalty. Thus the petitioner could only receive an offense level of 30 as opposed to 34. Also unlike the statute in Almendarez Torres once 4B1.1 applied to a defendant. The defendant is then solely sentence for career offender and not the underlying conviction for what the defendant pled guilty to or found guilty of. The petitioner receive 7 years over his sentence under the 922 (g) A prima facie showing is simply a sufficient showing of possible merit to warrant a fuller exploration by the district court. The petitioner preserved these arguments in earlier petitions and he would receive a miscarriage of justice if not applied

Ground three

is a conflict of interest. This caused the previous attorney to fail to make challenges to the petitioners jurisdiction. Because the petitioners case was adopted by U.S. attorney's office by way of a program called F.A.S.T. from the state. See U.S. v. Berry 164 F.3d 844. In that case. It stated that the main reason that the movant is sitting in federal court under federal prosecution. 1) Because the petitioner prior criminal record could be used under career offender under U.S. Sentencing Guidelines §4 B1.1, and the other factor was drug amount. The petitioner during the three separate incidents stated on his indictment. Only possess a combined total of 12 plus grams. The previous attorney never challenged this before the court to see if in fact the petitioner met the amount criteria, and if he did. Then the second criteria was element of his offense. That should have been taken to a jury and proved beyond a reasonable doubt. Since the petitioner is sitting in prison for a sentence under career offender and not the underlying offense. See In Re Williams 3rd Cir No. 02-2540. This shows that the movants priors were not just some mere enhancements, but an element of his offense under a sentencing scheme that is unconstitutional, see Blakely.

(a)   Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary or with understanding of the nature of the charge and the consequences of the plea.

(b)   Convictions obtained by use of coerced confession.
(c)   Convictions obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)   Convictions obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)   Convictions obtained by a violation of the protection against self-incrimination.
(f)   Convictions obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)   Convictions obtained by the violation of the protection against double jeopardy.
(h)   Convictions obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i)   Denial of effective assistance of counsel.
(j)   Denial of right of appeal.

A. Ground one: 924 (c) conviction was imposed in violation of the movant 6 and 5 amendment right.

Supporting FACTS (tell your story briefly without citing cases or law): The District Court accepted a guilty plea from the petitioner. In which the petitioner admitted to the standard of "use" defined by the courts and prosecutor at the time. The petitioner after the Supreme Court ruling in Bailey. Ask

B. Ground two: Petitioner received enhancements of his sentence in violation of his 6th amendment.

Supporting FACTS (tell your story briefly without citing cases or law): The petitioner has stated numerous times in every pro-se petition filed to this court. That the maximum sentence that he could receive for the actual guilty plea was 120 to a 150 months in offense level 88. In the recent Supreme Court

C. Ground three: The petitioners counsels appointed by the courts were ineffective.

Supporting FACTS (tell your story briefly without citing cases or law): The petitioner stated to the court, that he was denied of right of appeal because his attorney filed an anders brief. Stating that the petitioner had no merit various issues and his previous counsel had sexual relations with the petitioners wife which was and

D. Ground four: _____

_____

_____

_____

_____

Supporting FACTS (tell your short briefly without citing cases or law): _____

_____

_____

_____

_____

13.   If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14.   Do you have any petition or appeal now pending in any court as to the judgement under attack?
      Yes ☒      No ☐

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the judgement attacked herein:

      (a) At preliminary hearing ____ Quenten Brooks _____

      (b) At arraignment and plea ____ Same _____

      (c) At trial ____ Same _____

      (d) At sentencing ____ Christopha Warren _____

      (e) On appeal ____ Same _____

(f) In any post-conviction proceeding _____ *Pro - per* _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ *Pro - Se* _____

6. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time?

Yes ☒      No ☐

7. Do you have any future sentences to serve after you complete the sentence imposed by the judgement under attack?

Yes ☒      No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future:
_____ *Pennsylvania Commonwealth Parole Violation* _____
_____ *24 months* _____

(b) Give date and length of the above sentence: _____ *24 months* _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgement which imposed the sentence to be served in the future?

Yes ☒      No ☐

herefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____ *Derrick W. Williams* _____
Signature of Attorney (if any)

eclare under penalty of perjury that the foregoing is true and correct.  Executed on:

_____ *3/14/04* _____
(date)

_____ *Derrick L. Williams* _____
Signature of Movant

## MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District Eastern District of Pennsylvania |
|---|---|

| Name of Movant Derrick Williams | Prisoner's No. 48426-066 | Docket No. |
|---|---|---|

Place of Confinement

U.S.P Leavenworth, P.O. Box 1000, Leavenworth, KS, 66048

| UNITED STATES OF AMERICA | V | (Include name upon which convicted) Derrick Williams AKA Derrick Everett |
|---|---|---|

(Full name of movant)

### MOTION

1. Name and location of court which entered the judgment of conviction under attack __United States District Court for the Court Eastern Pennsylvania__

2. Date of judgement of conviction __Dec. 6, 1996__

3. Length of sentence __22 1/2__

4. Nature of offense involved (all counts) __21. U.S.C. § 841, 18 U.S.C. § 922 (g) and 18 U.S.C. § 924(c)__

5. What was your plea? (Check one)
   - (a) Not guilty ☐
   - (b) Guilty ☒
   - (c) Nolo contendere ☐

6. Kind of trial: (Check one)
   - (a) Jury ☐
   - (b) Judge only ☒

7. Did you testify at trial?
   Yes ☒   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

9. If you did appeal, answer the following:

    (a)    Name of court _Third Circuit Court of Appeal_

    (b)    Result _Andus Brief was granted filed by attorney and the petitioner_
                    _Conviction was approved_

    (c)    Date of Result _June 11, 1998_

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgement in any federal court?
    Yes ☒       No ☐

11. If your answer to 10 was "yes," give the following information:

    (a)    (1) Name of court _United States District Court for Eastern District of_
           _Pennsylvania_
        (2) Nature of proceedings _§ 2255_

        (3) Grounds raised _Ineffective assistance of Counsel, Selective prosecution, sixth and fifth amendment violation do to the petitioners prior, constitutionality of Guidelines and Commerce (jurisdiction of court)_

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐       No ☒

        (5) Result _Court rejected non Apprendi claims as time barred, and rejected movant Apprendi claim on its merits_

        (6) Date of result _Sept 19, 2000_

    (b)    As to any second petition, application or motion, give the same information:

        (1) Name of Court _Third Circuit Court of appeals_

        (2) Nature of proceeding _Certificate of Appealability_

        (3) Grounds raised _Denial of petitioner § 2255 motion as time barred, and error on the part of the District Court in miscalculation the date that petitioner filed his § 2255 which was timely._

        (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐       No ☒

(5) Result *Denied for failure to make a substantial showing as ordered by the District Court*
(6) Date of Result *Nov. 9, 2001*

(c)  As to any third petition, application or motion, give the same information:
  (1) Name of Court *United States Supreme Court*
  (2) Nature of proceeding *Writ of Certiorari*

  (3) Grounds raised *Same as previous motions* .

  _____

  _____

  _____

  (4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐    No ☒
  (5) Result *Denied April 19, 2002 reh. den. June 24, 2002*
  (6) Date of Result                    *same*

  (d)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on
  any petition, application or motion?
      (1) First petition, etc.        Yes ☒        No ☐
      (2) Second petition, etc.       Yes ☒        No ☐
      (3) Third petition, etc.        Yes ☒        No ☐

  (e)  If you did not appeal from the adverse action on any petition, application or motion, explain
  briefly why you did not:

  _____

  _____

12.    State concisely every ground on which you claim that you are being held unlawfully. Summarize
      briefly the facts supporting each ground. If necessary, you may attach pages stating additional
      grounds and facts supporting same.

      CAUTION: If you fail to set forth all grounds in this matter, you may be barred from presenting
      additional grounds at a later date.

      For your information, the following is a list of the most frequently raised grounds for relief in these
      proceedings. Each statement preceded by a letter constitutes a separate ground for relief. You may
      raise any ground which you have other than those listed. However, you should raise in this motion
      all available grounds (relating to this conviction) on which you based your allegations that you are
      being held in custody unlawfully.

      Do not check any of these listed grounds. If you select one or more of these grounds for relief, you
      must allege facts. The motion will be returned to you if you merely check (a) through (j) or any
      one of the grounds.

Ground one

the court to allow him to withdraw his guilty plea. The court refused. Stating that even though the petitioner could not be convicted and sentenced for "use." He could be convicted and sentence for "carry." Under the recent Supreme Court decision in Blakely. The court stated " the petitioner entered a guilty plea admitting the elements of second degree kidnapping and domestic violence and firearm allegations but no other relevant facts. This made clear that Blakely that he could only be sentence to what he admitted to in the guilty plea, and nothing else. Unless that something else was determined by a jury. The court cannot remedy a situation where a defendant plead to conduct that constituted what he and the court believed to be elements in a offense. Then once those elements are redefined, no longer fitting the plea of the defendant. Then turn around and says that he is still subjected to be sentenced and convicted for a different element. The defendant does not receive any procedural safeguards behind such a remedy, and such determination must be decided by a jury. Even though 924(c) acts as a statute in the 924 penalty section. It is still governed by the rules that require sixth amendment protections before it's punishment of 5 years to any other offense ran consecutively, can be imposed.

Ground Two

decision in Blakely. It had held in Part II, "an ac-
cusation without lacks any particular fact which the law
makes essential to the punishment is ... no accusation
within the requirements of the common law, and it is no
accusation in reason." 1 J Bishop Criminal Procedure §87,
p.55 (2d ed. 1872) These principals have been acknowledged
by the courts and treatises since the earliest days of grad-
uated sentencing; we compiled the relevant authorities
in Apprendi, see 530 U.S. at 476-483, 489, 490 n.15, id.
at 501-518 (Thomas J., concurring) and need not re-
peat them here. The statement makes clear that
unlike the argument put forth by Almendarez-Torres
and the standard of proof that might apply to
sentencing determinations that bear significantly on
the severity of the sentence. An issue that was not
before the Court in that case. The petitioner states
that his sentence was enhanced beyond the maximum
range to which he could receive under the guidelines
pursuant to 4B1.1. Facts that the petitioner did not
plead to and were not found by a jury in order
for the petitioner to receive a increase beyond maximum
punish allowed. The Supreme Court in Apprendi. Sta
"Both the certainty that procedural safeguards attach
to any "fact" of prior convictions and the reality that
Almendarez-Torres did not challenge the accuracy
of that fact in his case, mitigated the due pro-
cess and sixth amendment concerns otherwise im-
plicated in allowing a judge to determine a "fact"
increasing punishment beyond the maximum of
the statutory range." Also unlike Almendarez-Torres
The petitioner was enhanced under a guideline scheme

statute. The petitioner indictment stated that the petitioner was in violation of 21.U.S.C. §841 in three different incidents. Yet the indictment only stated the charges conduct and not the penalty. Thus the petitioner could only receive an offense level of 30 as opposed to 34. Also unlike the statute in Almendarez-Torres Once 4B1.1 is applied to a defendant. The defendant is then solely sentence for career offender and not the underlying conviction for what the defendant pled guilty to or found guilty of. The petitioner receive 7 years over his sentence under the 922 (g) A prima facie showing is simply a sufficient showing of possible merit to warrant a fuller exploration by the district court. The petitioner preserved these argument in earlier petitions and he would receive a miscarriage of justice if not applied

Ground three
is a conflict of interest. This caused the previous attorn-
ey to fail to make challenges to the petitioners jurisdic-
tion. Because the petitioners case was adopted by
U.S. attorney's office by way of a program called
F.A.S.T from the state. See U.S. v. Berry 164
F.3d 844. In that case. It stated that the
main reason that the movant is sitting in fed-
eral court under federal prosecution. Is because
the petitioner prior criminal record could be used
under career offender under U.S. Sentencing Guidelines
§4B1.1, and the other factor was drug amount. The
petitioner during the three seperate incidents stated
in his indictment. Only possess a combined total
of 12 plus grames. The previous attorney never challeng
this before the court to see if infact the petitioner
met the amount criteria, and if he did. Then
the second Criteria was element of his offense.
That should have been taken to a jury and
proved beyond a reasonable doubt. Since the
petitioner is sitting in prison for a sentence un-
der career offender and not the underlying
offense. See In Re Williams 3rd Cir No. 02-2540.
This shows that the movants priors were not just
some mere enhancements, but an element of his
offense under a sentencing scheme that is uncon-
stitutional. see Blakely.

(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntary or with understanding of the nature of the charge and the consequences of the plea.

(b)  Convictions obtained by use of coerced confession.
(c)  Convictions obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)  Convictions obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)  Convictions obtained by a violation of the protection against self-incrimination.
(f)  Convictions obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)  Convictions obtained by the violation of the protection against double jeopardy.
(h)  Convictions obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i)  Denial of effective assistance of counsel.
(j)  Denial of right of appeal.

A. Ground one: 924 (c) conviction was imposed in violation of the movant 6 and 5 amendment right.

Supporting FACTS (tell your story briefly without citing cases or law): The District Court accepted a guilty plea from the petitioner. In which the petitioner admitted to the standard of "use" defined by the Courts and Prosecutor at the time. The petitioner after the Supreme Court ruling in Bailey. Ask

B. Ground two: Petitioner received enhancements of his sentence in violation of his 6th amendment.

Supporting FACTS (tell your story briefly without citing cases or law): The petitioner has stated numerous times in every pro-se petition filed to this court. That the maximum sentence that he could receive for the actual guilty plea. Was 120 to 150 months in offense level 28. In the recent Supreme Court

C. Ground three: The petitioners Counsels appointed by the Courts were ineffective.

Supporting FACTS (tell your story briefly without citing cases or law): The petitioner stated to the court that he was denied of right of appeal because his attorney filed an Anders brief. Stating that the petitioner had no merit various issues and his previous counsel had sexual relations with the petitioners wife which was and

D. Ground four: _____

_____

_____

_____

Supporting FACTS (tell your short briefly without citing cases or law): _____

_____

_____

_____

_____

13.   If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what
      grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

14.   Do you have any petition or appeal now pending in any court as to the judgement under attack?
      Yes ☒      No ☐

15.   Give the name and address, if known, of each attorney who represented you in the following stages
      of the judgement attacked herein:

      (a) At preliminary hearing ___ Quentin Brooks _____

      (b) At arraignment and plea ___ Same _____

      (c) At trial ___ Same _____

      (d) At sentencing ___ Christopher Warren _____

      (e) On appeal ___ Same _____

(f) In any post-conviction proceeding _____ Pro - Per _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____ Pro - Se _____

6. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time?

Yes ☒     No ☐

7. Do you have any future sentences to serve after you complete the sentence imposed by the judgement under attack?

Yes ☒     No ☐

(a) If so, give name and location of court which imposed sentence to be served in the future:
Pennsylvania Commonwealth Parole Violation
24 months

(b) Give date and length of the above sentence: _____ 24 months _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgement which imposed the sentence to be served in the future?

Yes ☒     No ☐

Therefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

Derrick Williams
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

3/14/04
(date)

Derrick Williams
Signature of Movant

99CV2756    USA V. WILLIAMS
98CV172     USA VS WILLIAMS

DERRICK
DERRICK

WILLIAMS
WILLIAMS

48426-066 / AKA DERRICK EVERETT

94CR462
91-570-20

2255
2255

WALDMAN
KATZ

6/1/1999
1/14/1998

**BMS**

BMS

$O4cv3457$

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __P.O. Box 1000__                    __Leavenworth, KS 66048__

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

$88888$

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☐

*RELATED CASE IF ANY*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when

1. Is this case related to property in one year previously terminated action

2. Does this case involve the same issues as a prior suit pending or within one court?

3. Does this case involve the validity any earlier numbered case pending in this court?

*Originally it was Judge Waldmans case. For obvious reasons it was re-assigned.*

*The old crim. # was*

*94 CR 462*

CIVIL: (Place ☐ in ONE CATEGORY)

A.  *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract and Other Contracts
2. ☐ FELA
3. ☐ Jones Act–Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☑ Habeas Corpus   $2255$
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify)*

2. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   *(Please specify)*

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action exceed the sum of $100,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____        _____        _____
                              Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in except as noted above.

FILED JUL 1 9 2004        *Gregg Swierzinski*

**BMS**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

U.S.A.                          :          CIVIL ACTION

v.                              :

Derrick Williams              :          NO. 04 - 3457
AKA Derrick everett           :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                    ( ✓ )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.             ( )

FILED JUL 19 2004          _Gregg Sivienyunski_
                            DEPUTY CLERK
**Date**                                                    **Attorney for**

_____    _____    _____
**Telephone**              **FAX Number**              **E-Mail Address**

(Civ. 660) 10/02