**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | **CRIMINAL ACTION** |
| v. | : | |
| | : | |
| DERRICK WILLIAMS | : | No. 94-462-1 |
| | : | |

**MEMORANDUM AND ORDER**

**Schiller, J.**                                                                              **March 10, 2009**

Defendant Derrick Williams filed this Pro Se Motion for Reduction of Sentence Pursuant to

18 U.S.C. § 3582(c)(2), on March 3, 2008.  Pursuant to his request, counsel was appointed.  On

February 6, 2009, Williams, through counsel, submitted a Memorandum of Law in Support of Pro

Se Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).  The Government

responded on February 26, 2009.  For the reasons below, the Court denies Williams's motion.


**I.      BACKGROUND**

On November 4, 1994, Williams pled guilty to six of seven counts in an indictment against

him.  The charges to which he pled guilty included possession of cocaine base ("crack") with intent

to distribute, possession of a firearm in connection with a drug offense, and possession of a firearm

by a convicted felon.  The felon-in-possession charge subjected Williams to a mandatory 15-year

minimum penalty under 18 U.S.C. § 924(e).  Williams was sentenced to a total of 210 months

imprisonment for the drug possession and felon-in-possession charges and a consecutive 60 month

sentence for possession of a firearm during a drug trafficking offense.

The sentencing court adopted the guidelines application in the Presentence Investigation

Report.  According to this report, the base offense level, found in U.S.S.G. § 2D1.1(c)(7), for the crimes Williams committed was 26.  This was increased by two levels for possession of a firearm, in accordance with § 2D1.1(b)(1) and reduced two levels, pursuant to § 3E1.1(a), due to Williams' acceptance of responsibility, for a total offense level of 26.  Williams was, however, found to be a career offender within the terms of § 4B1.1.  This status resulted in an offense level of 34.  This number was again reduced for acceptance of responsibility, resulting in a total offense level of 32.

The Sentencing Guidelines direct a sentencing judge to apply the career offender offense level if it is "greater than the offense level otherwise applicable," as was the situation for Williams.  *See* § 4B1.1.  As a career offender, Williams was assigned a criminal history category of VI.  This offense level and category resulted in a guideline range of 210 to 262 months imprisonment, plus the consecutive 60 months for possession of a firearm during a drug trafficking offense.  The court sentenced Williams to 210 months, declaring in its Statement of Reasons: "The lower end of the guidelines range is adequate to satisfy all of the legitimate objectives of sentencing."  It then added the consecutive sentence of 60 months for possession of a firearm, resulting in a total sentence of 270 months.

## II.    STANDARD OF REVIEW

Although a court generally "may not modify a term of imprisonment once it has been imposed," 18 U.S.C. § 3582(c) (2006), a narrow exception exists.  Section 3582(c)(2) allows for a reduction in the term of imprisonment if a sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The Commission's policy

statements regarding sentence reduction due to an amended guidelines range are found in U.S.S.G. § 1B1.10.  A reduction in a term of imprisonment is not authorized under 18 U.S.C. § 3582(c) if none of the covered amendments listed in U.S.S.G. § 1B1.10(c) apply to the defendant or if a covered amendment "does not have the effect of lowering the defendant's applicable guidelines range."  U.S.S.G. § 1B1.10(a)(2).  Section 1B1.10 implements 28 U.S.C. § 944(u), which authorizes the Commission to specify when and how a reduction in the guidelines applicable to an offense shall be applied retroactively.

## III.    DISCUSSION

Williams contends that, although he was sentenced as a career offender under U.S.S.G. § 4B1.1, his "sentence was based, at least in part, on [the] § 2D1.1 range."  (Def.'s Mem. at 3).  He argues that since Amendment 706 reduced crack cocaine offense levels, and the relevant § 2D1.1 sentencing ranges, he is entitled to relief under 18 U.S.C. § 3582(c).  Although Williams concedes that he was sentenced under the career offender guidelines range of 210-262 months, he argues that "[t]he sentence in this case was based on a number of considerations, including the § 2D1.1 range." (*Id.*)  In support of this position he posits that a sentence may have "many bases" that are considered before arriving at an "ultimate sentence" and, relying on standard dictionary definitions of "base," that  "§ 2D1.1 is at least a partial basis for any drug sentence calculated under the Guidelines."  (*Id.* at 3-4, 6).

Williams claims that a § 2D1.1 guideline range served as a basis for his ultimate sentence because § 4B1.1(b) directs a court to apply the career offender offense level if that level is greater than "the offense level otherwise applicable."  As such, a court must first determine a defendant's

3

base offense level.  Therefore, the "§ 2D1.1 range was the initial consideration in, and first basis for, [Williams'] sentence."  (*Id.* at 7).  The Court finds this argument unconvincing.

In *United States v. Rios*, Crim. A. No. 02-828-03, 2009 WL 383750 (E.D. Pa. Feb. 9, 2009), Judge Baylson rejected a similar assertion that because § 4B1.1(b) demands consideration of "the otherwise applicable offense level under § 2D1.1, any sentence under § 4B1.1(b) is 'based on' the amended § 2D1.1 for purposes of § 3582(c)(2)."  *Rios*, 2009 WL 383750, at *2.  The requirement that a court compare the § 2D1.1 offense level and the § 4B1.1 career offender offense level and then apply the higher level does not support the conclusion that an individual's ultimate sentence under § 4B1.1 was "based on" § 2D1.1.  Moreover, the comparison required by § 4B1.1(b) is a comparison of the *offense level* under each section of the guidelines.  There is no requirement or need for a court to calculate an actual sentencing range in making this comparison.  This renders even less convincing Williams's claim that the comparison of offense levels establishes that his ultimate sentence was, as required for relief under 18 U.S.C. § 3582(c)(2),  "based on a sentencing range that has subsequently been lowered."

Other courts in this District have reached conclusions similar to that in *Rios*.  *United States v. Jackson*, Crim. A. No. 03-793, 2009 WL 101849 (E.D. Pa. Jan. 14, 2009) (holding that individual found to be career offender not eligible for a sentence reduction, even though the sentencing court departed downward from the minimum guideline provision); *United States v. Roman*, Crim. A. No. 95-335, 2008 WL 2669769 (E.D. Pa. July 7, 2008) (denying motion for reduction when defendant sentenced under career offender guidelines and declaring that "[a]s such, [defendant] was not sentenced 'based on' a sentencing range that was later reduced by the Commission"); *United States v. Rivera*, 535 F. Supp. 2d 527 (E.D. Pa. 2008) (holding that a defendant sentenced as career offender

was not entitled to resentencing because Amendment 706 did not affect sentencing range). Moreover, although Williams attempts to dismiss as irrelevant the Third Circuit's unpublished opinion in *United States v. Thompson*, 290 Fed. Appx. 519 (3d. Cir. 2008), because that case was brought pro se and the arguments presented here were not raised, *Thompson* further supports rejecting Williams's motion.  The *Thompson* court affirmed a district court's denial of a career offender's motion for reduction of sentence, concluding that, since he was sentenced as a career offender, "[t]he amendment to § 2D1.1 played no role in determining the recommended guideline range for his sentence."  *Id.* at 520.

The cases upon which Williams relies, and that have come out the other way, are markedly different from this case.  For example, in *United States v. Poindexter*, 550 F. Supp. 2d 578 (E.D. Pa. 2008), the defendant was not sentenced under the career offender guidelines.  *Id.* at 579.  The sentencing judge instead decided that the career offender status overrepresented the offense level in the case and "reduced [the defendant's] offense level to that which he would have faced absent the career offender designation."  *Id.* at 581.  Williams cannot point to, nor does the record reveal, any evidence that the § 2D1.1 sentencing range was considered in determining his sentence.  Neither the Presentence Investigation Report nor the sentencing court's Statement of Reasons mention the range under § 2D1.1.  No departure or variance from the career offender guidelines was granted.  The only reason provided for sentencing him at the low end of the career offender range – that "[t]he lower end of the guideline range is adequate to satisfy all of the legitimate objectives of sentencing" – makes no mention of the § 2D1.1 range.  This case, in which defendant was sentenced firmly within the career offender sentencing range, and no reference was even made to the § 2D1.1 range in deciding on the final sentence, is therefore a far cry from the scenario in *Poindexter* and similar

cases.  For these reasons, the Court concludes that the clear meaning of the phrase "based on" in § 3582(c)(2) mandates denial of Williams's motion for sentence reduction.[1]

Finally, even if the amended guideline ranges were in effect at the time of Williams's original sentencing, those ranges would have not affected the actual sentence imposed.  *See Rios*, 2009 WL 383750, at *3.  Once classified as a career offender, Williams's offense level is calculated based on the statutory maximum sentence for the charged offenses.  *See* § 4B1.1.  Amendment 706 in no way changes this.  *See Rivera*, 535 F. Supp. 2d at 530 ("[B]ecause Amendment 706 does not change Rivera's career offender status, it does not change the sentencing range applicable to him. As a career offender, the base offense level of Rivera's crime was determined based on the statutory maximum for his offenses.").  Williams implicitly acknowledges that, by itself, the amendment does nothing to alter the computation of his sentence.  Given this reality, he asks the Court to fashion "a reduction in his sentence comparable to the decrease accomplished by the retroactive crack amendment in § 2D1.1."  (Def.'s Mem. at 17.)

For these reasons, Williams, who was clearly sentenced as a career offender, is not entitled to a reduction of sentence.[2]

---

[1] Because the Court finds that Amendment 706 clearly does not apply to Williams's sentence as a career offender and that he, therefore, is ineligible for a sentence reduction under § 3582(c)(2), it need not consider Williams's arguments that the Rule of Lenity requires that any ambiguities in the statute be construed in his favor.  *See Jackson*, 2009 WL 101849, at *3 (finding Rule of Lenity inapplicable given lack of ambiguity in § 3582(c)(2)).

[2] Having determined that he is not eligible for a reduction in sentence under § 3582(c)(2), the Court refrains from addressing the parties' arguments regarding whether *United States v. Booker*, 543 U.S. 220 (2005), alters the scope of relief a court may provide when issuing a new sentence under § 3582(c)(2).

**IV.     CONCLUSION**

Williams's sentence as a career offender was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   He is therefore ineligible for a reduction of sentence under 18 U.S.C. § 3582(c)(2).   An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL ACTION** |
| **v.** | : | |
| | : | |
| **DERRICK WILLIAMS** | : | No. 94-462-1 |
| | : | |

**ORDER**

    **AND NOW**, this **10th** day of **March, 2009**, upon consideration of Defendant's Pro Se

Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), Defendant's

Memorandum of Law in Support of Pro Se Motion for Reduction of Sentence Pursuant to 18

U.S.C. § 3582(c)(2), and the Government's Response to Motion for Reduction of Sentence

Pursuant to 18 U.S.C. § 3582(c)(2), and for the foregoing reasons, it is hereby **ORDERED** that

Defendant's Motion (Document No. 122) is **DENIED.**

                         **BY THE COURT:**

                         **Berle M. Schiller, J.**