94-cr-462

United States District Court For The Eastern District of Pennsylvania

United States of America

v.

Derrick Williams

Criminal No. 94-

RECEIVED JAN 23 2012

RECEIVED JAN 23 2012

Amendment to Current Motion before the Court Pursuant to 18 U.S.C. § 3582 (c)(2)

The Petitioner state to this Honorable Court that in step with the Acts of the Congress, and United States Sentencing Commission and that the Department of Justice Characterized that the 100:1 ratio was and is unjustified, fundamentally unfair and racially discriminatory. And the 2007 adjustments by the Commission to the offense guidelines for crack offenders was "a very small step" toward rectifying a very large injustice. That 100:1 ratio affected the petitioners sentence. The ratio is reflected in the statutory maximum sentence prescribed in 21 U.S.C. § 841(b), which drives the calculation of offense level under any guideline provision involving crack offenses. Had the petitioner possessed the same amount

of powder rather than crack, his statutory maximum term of imprisonment would not be what it currently is. See § 841(b)(1)(C). The Supreme Court cautioned in Freeman v. United States, 131 S. Ct. 2685, 2694 (2011), that there is no need to interpret § 3582(c)(2) in a way that extends the benefit of the Commission's judgment only to an arbitrary subset of defendants or denies relief to defendants who linger in prison pursuant to sentences that would not have been imposed but for a since rejected, excessive range. According to U.S.S.G. § 1B1.10, a reduction in a defendant's sentence is not authorized if it does not have the effect of lowering the defendant's applicable guideline range. According to Amendment 750 as well as 2007 amendments. The petitioner applicable guideline does actually have the effect of being lowered. Under the 2007 amendment the petitioner sentence under a two point reduction would go from offense level 32, criminal history category VI, 210 months to offense level 30, criminal history category VI, 168 months. Under 2011 amendment that same effect would

also result in a reduced sentence. See §1B1.10(a)(2)(B) As the petitioner has previously stated. His sentence should theoretically, change as other crack offenders under the amendment 750

### Conclusion

There is no need to extend the Commission's judgment only to an arbitrary subset of defendants, but not to the petitioner who's sentence was affected by the 100:1 ratio. The petitioner humbly hope this court will grant the petitioner the relief it seeks.

Date
1/14/12

Sign by
Derrick Williams 48426 066
FCI Victorville 2
P.O. Box 5300
Adelanto, Ca 92301